GREENWALT v. DUNCAN and others.*

*(Circuit Court, E. D. Missouri.  June 4, 1883.)*

1. EQUITY—SUIT TO QUIET TITLE—CROSS-BILL—RIGHTS OF DEFENDANT.
   The defendant in a suit in equity to remove a cloud from a title has a right to file a cross-bill, urging a superior title in himself; and, if his title is found to be better than the plaintiff's, he is entitled to a decree in his favor settling the whole controversy.

In Equity.  Demurrer to amended cross-bill.

*Reported by B. F. Rex, Esq., of the St. Louis bar.

A demurrer having been sustained to the original cross-bill herein, (see 16 FED. REP. 35,) on the ground that it did not contain adequate averments to show title in the defendants, an amended cross-bill was filed in which the proper averments were made. Thereupon the plaintiff demurred to the amended cross-bill on the following grounds, viz.:

"*First.* It does not appear from said bill, or from any fact therein stated, that the complainant, or any person to her use or in her behalf, is now, or ever was, in possession of the land or premises in question, or of any part thereof. *Second.* Said bill, in case the same were true, contains no matters of equity whereon this court can ground any decree, or give complainant any relief, as against these defendants."

*E. Cunningham, Jr.,* for complainant.

*E. R. Monk,* for defendant.

TREAT, J. This court has, in this case, expressed heretofore its views as to the proper practice to be pursued, and stated the grounds on which alone it has jurisdiction in equity. The defendant is brought into court for the purpose of having a cloud upon title removed. The defendant appears and asks to settle the controversy, whereby, if the plaintiff has not the title, she may have a decree in her favor, thus avoiding multiplicity of suits. The question is, obviously, as to the validity of a tax title, and the pleadings, it seems, might have been briefly framed to raise what must ultimately be decisive. The pleaders have chosen a different course, involving, it may be, unnecessary costs and delay. Of that the court can know nothing. The case must be taken, so far as this demurrer is concerned, just as it stands.

The defendant, who has been brought into court to have a deed standing in her name set aside as a cloud upon plaintiff's title, has a right to have the whole controversy between her and the plaintiff determined, and, if it so happen that her title is the real one, and the plaintiff's invalid, to obtain a decree accordingly.

The demurrer to the amended cross-bill is overruled, and leave to next rule-day to file replication.